Kurt J. Niederluecke (admitted *pro hac vice*)
kniederluecke@fredlaw.com
James R. Mayer (admitted *pro hac vice*)
jmayer@fredlaw.com
Laura L. Myers (admitted *pro hac vice*)
lmyers@fredlaw.com
FREDRIKSON & BYRON, PA
200 South Sixth Street, Ste. 4000
Minneapolis, MN 55402
Telephone: 612-492-7000
Facsimile: 612-492-7077

Craig S. Summers (Bar No. 108,688)
craig.summers@kmob.com
Nicholas M. Zovko (Bar No. 238,248)
nicholas.zovko@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff DESPATCH
INDUSTRIES LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESPATCH INDUSTRIES LIMITED PARTNERSHIP,<br><br>  Plaintiff,<br><br>  v.<br><br>TP SOLAR, INC.,<br><br>  Defendant. | Case No. 2:11-CV-2357 R (FMO)<br><br>**PROTECTIVE ORDER**<br><br>Hon. Manuel L. Real<br>Hon. Fernando M. Olguin |

Counsel for Plaintiff Despatch Industries Limited Partnership

| | |
|---|---|
| Kurt J. Niederluecke<br>kniederluecke@fredlaw.com<br>James R. Mayer<br>jmayer@fredlaw.com<br>Laura L. Myers<br>lmyers@fredlaw.com<br>FREDRIKSON & BYRON, PA<br>200 South Sixth Street, Ste. 4000<br>Minneapolis, MN 55402<br>Telephone: 612-492-7000<br>Facsimile: 612-492-7077 | Craig S. Summers<br>craig.summers@kmob.com<br>Nicholas M. Zovko<br>nicholas.zovko@kmob.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614<br>Telephone: 949-760-0404<br>Facsimile: 949-760-9502 |

Counsel for Defendant TP Solar, Inc.

| | |
|---|---|
| Jacques M. Dulin<br>dulin@innovationlaw.com<br>INNOVATION LAW GROUP, LTD.<br>237 North Sequim Ave.<br>Sequim, WA 98382-3456<br>Telephone: 360-681-7305<br>Facsimile: 360-681-7315 | Stanley E. Siegel, Jr.<br>ssiegel@nilanjohnson.com<br>Gregory A. Bromen<br>gbromen@nilanjohnson.com<br>NILAN JOHNSON LEWIS PA<br>120 South Sixth St., Ste. 400<br>Minneapolis, MN 55402<br>Telephone: 612-305-7500<br>Facsimile: 612-305-7501 |

Jason M. Wucetich
jason@wukolaw.com
Dimitrios V. Korovilas
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone: 310-335-2001
Facsimile: 310-364-5201

## STIPULATED PROTECTIVE ORDER

Plaintiff DESPATCH INDUSTRIES LIMITED PARTNERSHIP ("Plaintiff") and Defendant TP SOLAR, INC. ("Defendant") agree that disclosure and discovery activity in the above-captioned lawsuit are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information likely will include, among other things, sensitive product information, research and testing information, product design and development materials, engineering materials, supplier and vendor information, manufacturing and shipping information, marketing and sales information, purchase orders, invoices, and customer information relating to infrared furnaces and related equipment for heat treatment of Silicon wafers (collectively, the "Sensitive Information").

## GOOD CAUSE STATEMENT

Plaintiff and Defendant (collectively, the "parties," or singularly, a "party") respectfully believe that good cause exists to enter the instant Protective Order in order to protect the Sensitive Information from public disclosure. The Sensitive Information includes information and data that could be used by actual or potential competitors, including the other party, to gain an improper and unlawful competitive advantage in the marketplace. For example, the Sensitive Information includes, among other things, confidential information regarding the parties' business strategy, operations and plans, financial and ownership information, proprietary technical information, and employee and customer information.

The parties are competitors in the design, manufacture, and sale of continuous infrared furnaces for treating Silicon wafers converted into solar cells for assembly into solar panels and other materials that can benefit from controlled infrared radiation treatment. Due to the competitive relationship

between the parties, it is highly likely that disclosure of the Sensitive Information of one party, especially that party's research, product design, development, financial, sales, and customer information regarding infrared furnaces and related equipment, will provide an improper or unlawful competitive advantage to the other party. This Protective Order is necessary to prevent such harm to each of the parties. The parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

## **DEFINITIONS AND RULES**

1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorneys" means counsel of record;

    b. "Confidential" documents are documents designated pursuant to paragraph 2;

    c. "Highly Confidential – Attorneys Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

    d. "Documents" are all materials within the scope of Fed. R. Civ. P. 34; and

    e. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret business and technical information, including but not limited to: business strategy, operations and plans; financial and ownership information; sales,

profits, costs, shipping and customer information; vendor and supplier information; intellectual property information; research and technical information about products and processes including blueprints, CAD drawings, schematics, lay outs, manufacturing and assembly plans, operations and drawings; process operations; parts, equipment and services supplier and vendor information; labor, employee and sales representative information, or other confidential information entitled to protection under 26(c)(1)(G) of the Federal Rules of Civil Procedure.

A party may not designate as "Confidential" any document or information that:

    a.    at the time of the production or disclosure, is publicly available as evidenced by: (1) a citation permitting unrestricted access, (2) is in the public domain, as evidenced by a written document, drawing or photograph not having a proprietary, confidential or restricted notice, or (3) discloses a product, process, thing, device or part that is now or has been in the past, commercially available;

    b.    through no wrongful act or fault of the receiving party, is or has become part of the public domain; or

    c.    the receiving party can show it already lawfully possessed at the time of the production or disclosure without being subjected to any obligation to maintain the confidentiality of the information.

3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action and no person receiving such documents, or information contained in such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents or information therein to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes, reverse engineering, or the obtaining, prosecution, or

enforcement of any intellectual property rights.

4. Access to any Confidential document shall be limited to:

    a. the Court and its officers;

    b. Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. officers, directors, principals, representatives and employees of the parties, to the extent reasonably necessary to assist in the litigation;

    f. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

The parties may agree in writing or on the record to permit access to Confidential information to individuals not otherwise granted access by the terms of this Protective Order. The writing or statement on the record must identify the particular individual to whom the Confidential information will be disclosed and specify, by Bates number if possible, the Protected Information to be disclosed, and shall obtain a Written Assurance from each individual prior to disclosing the Confidential Information.

5. A party shall have the right to further designate Confidential documents or portions of documents as "Highly Confidential – Attorneys Eyes Only" only if, in the reasonable and good faith belief of such party and its counsel, (1) such document, including interrogatory responses, other discovery responses, or transcripts, is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and (2) the information

relates to certain financial, pricing, cost, licensing, supplier, representative, distributor, vendor, marketing, business strategy or operations, sales, customer, employment, research, engineering, development, manufacturing, shipping, product, process and/or technical information that is particularly sensitive and/or of immediate competitive significance. Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), and (f), so long as the persons of paragraphs 4(a), (b), (c), (d), and 4(f) do not communicate any Highly Confidential information to persons of paragraph 4(e).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential – Attorneys Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Highly Confidential – Attorneys Eyes Only" for a period of fifteen (15) days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Highly Confidential – Attorneys Eyes Only" pursuant to the terms of this Protective Order.

7. Each person appropriately designated pursuant to paragraphs 4(e) and 4(f) (herein "Such Person"), in advance, and as a condition of receiving any Confidential information, shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least ten (10) business days prior to disclosure to any Such Person and identify as to each the designated documents by Bates number that are sought to be disclosed to each Such Person. Such notice shall provide a reasonable description of Such Person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within ten (10) business days after receipt of notice, no disclosure shall be made until the party seeking disclosure

obtains the prior approval of the Court or the objecting party. Notices and objections made pursuant to this paragraph 7 may be made electronically in writing by e-mail or fax, followed by a confirmation copy by U.S. Mail.

8. All depositions or portions of depositions taken in this action that contain trade secret, Sensitive Information, or other confidential information may be designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Highly Confidential – Attorneys Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) business days after receipt of the transcript. Unless otherwise agreed, the entire transcript of depositions shall be treated as "Highly Confidential – Attorneys Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information and permitted to attend such depositions. A party may request that anyone not authorized to receive "Confidential" or "Highly Confidential – Attorneys Eyes Only" information, or not permitted to attend depositions or court sessions pursuant to the Federal Rules of Evidence, exit the deposition during the discussions of any such information, but the failure of any party to request the removal of anyone not authorized to receive such information or attend shall not constitute a waiver of the right to subsequently designate any or all portions of the deposition as "Confidential" or "Highly Confidential – Attorneys Eyes Only" in accordance with this paragraph. The term "deposition" as used herein also applies to any notes, extracts, data or information from each deposition made or communicated by attorneys for the parties relating to the deposition.

///

9. Any party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall have ten (10) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall use its best efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation, and to advise the other party of the recipients of the documents prior to retrieval.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within ten (10) business days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek appropriate production of any such documents pursuant to applicable law.

11. With respect to Court filing or use at trial or on appeal of Confidential information produced hereunder:

    a. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Central District of California.

    b. Before any materials produced in discovery, Answers to Interrogatories, Responses to Requests for Admission, deposition transcripts or other documents which are designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only," are filed with the Court for any purpose, the party seeking to file the material so designated shall seek permission of the Court by appropriate Motion to file the material under

seal, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Highly Confidential – Attorneys Eyes Only" in the action may be affected. The Court permitting, until permission is granted, the party seeking permission shall file the material provisionally under seal, so marked, unless the producing party agrees otherwise. The parties agree to and will follow and abide by applicable law, including Local Civil Rule 79-5, with respect to filing documents under seal in this Court.

  c. Any documents approved by the Court for filing under seal shall be so designated in a cover sheet, captioned "Filed" or "Provisionally Filed" as the case may be followed by "Under Seal Pursuant to Protective Order by Order of Court," and each page shall carry a stamp with the same designation. The Order of Permission to File Under Seal may request or direct the Clerk of Court to maintain such documents under seal, unavailable to anyone but Outside Counsel of record for the parties. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Highly Confidential – Attorneys Eyes Only," the parties may seek from the Court further protections against public disclosure as the parties may deem necessary.

  12. Any party may request a change in the designation of any information designated "Confidential" and/or "Highly Confidential – Attorneys Eyes Only." Any such document shall be treated as originally designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Highly Confidential – Attorneys Eyes Only" in the action may be affected. The party asserting that the material is Confidential

/ / /

shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within sixty (60) days of the termination of this action, including any appeals, each party shall, at the election of the producing party, either destroy or return to the producing party all documents designated by the producing party as "Confidential" and/or "Highly Confidential – Attorneys Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as having been completed within the 60-day period. Attorneys shall be entitled to retain under seal appropriately designated in the caption as "Retained Under Seal Pursuant to Protective Order" a set of all Confidential documents filed with the Court and all notes, communication and correspondence related thereto that were generated by them in connection with the action. Such retained documents may be unsealed only by appropriate order of Court, or by permission in writing of the producing party.

14. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by this Protective Order shall survive the termination of this action. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the parties may remove any materials designated "Confidential" and/or "Highly Confidential – Attorneys Eyes Only" from the office of the Clerk of Court.
///

Following that 60-day period, the Clerk of Court shall destroy all "Confidential" and/or "Highly Confidential – Attorneys Eyes Only" materials.

17. This Order may be modified by agreement of the parties, subject to approval by the Court.

**IT IS SO ORDERED.**

Dated: May 27, 2011

_____
UNITED STATES DISTRICT JUDGE/
UNITED STATES MAGISTRATE JUDGE

11153452_1

-10-

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESPATCH INDUSTRIES LIMITED PARTNERSHIP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TP SOLAR, INC.,<br><br>　　　　Defendant. | Case No. 2:11-CV-2357 R (FMO)<br><br>**WRITTEN ASSURANCE REGARDING PROTECTIVER ORDER**<br><br>Hon. Manuel L. Real<br>Hon. Fernando M. Olguin |

_____ declares that:

1. I reside at _____ in the city of _____, county _____, state of _____.

2. I am currently employed by _____ located at _____ and my current job title is _____.

3. I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 2:11-CV-2357 R (FMO), pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

4. I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I

shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

5. As soon as practical, but no later than thirty (30) days after final termination of this action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential – Attorneys Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

6. I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order, but not for the purpose of conferring jurisdiction over the party engaging me, or for whom I am employed, in any jurisdiction other than the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____      _____
              (Date)                                (Signature)

11153452_1