UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESPATCH INDUSTRIES LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. CV 11-2357-R |
| vs. | ) ) | FINDINGS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW |
| TP SOLAR, INC., | ) ) | RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) ) | |

Defendant TP Solar Group, Inc.'s ("TPSI") Motion for Summary Judgment under Fed. R. Civ. P. 56 came on for hearing before the Court on August 22, 2011, at which time the Court granted the motion of Defendant TPSI.

The Court, having considered Defendant's Motion, the opposition of Plaintiff Despatch Industries Limited Partnership ("Despatch") to the motion, TPSI's reply in support of the motion, all papers filed in connection with the motion, and all oral argument of counsel, hereby GRANTS Defendant's motion and makes the following findings of uncontroverted facts and conclusions of law:

Determining whether a patent claim has been infringed involves two steps: First, the Court

must construe the asserted claim; Second, the Court must determine whether the accused product contains each limitation of the properly construed claim, either literally or under the Doctrine of Equivalents. *Microstrategy v. Business Objects*, S.A., 429 F.3d 1344 (Fed. Cir. 2005).

Both parties agree that a plain meaning interpretation should govern the construction of the claim. Because the language of Claim 1 is unambiguous and because the parties don't dispute what the construction of the claim should be, the Court construes Claim 1 in accordance with the precise language present in Patent No. 7,514,650.

In short, there must be in the accused device: (1) a heat transfer zone having an upper portion and a lower portion; (2) a conveyor; (3) a jack that allows movement of the lower portion of the heat transfer zone; and, (4) a condenser with a removable heat transfer element.

The main dispute between the parties is whether Defendant's use of fixed heat transfer element condenser and top-lift access features infringed upon Plaintiff's patent limitations of a condenser with a removable heat transfer element and movement of the lower portion of the heat transfer zone as a bottom-drop access feature. Thus, if Defendant's product does not have both of these limitations present, there is no infringement. *See Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001). Because this Court finds that Plaintiff cannot establish infringement of a bottom-drop access feature under either the test for literal infringement or the Doctrine of Equivalents, Defendant's Motion for Summary Judgment is GRANTED.

With respect to literal infringement, it is clear that Defendant's accused machine does not literally meet each limitation of Claim 1. In particular, the accused device only allows movement of the upper portion, as opposed to the lower portion of the heat transfer zone required by Claim 1. As Defendant notes, "up is not down**."** Thus, there is no literal infringement.

Moreover, Plaintiff cannot rely on the Doctrine of Equivalents because Plaintiff's interpretation of relative movement by a fixed lower and movable top would effectively eliminate the Claim 1 requirement of movement of the lower portion element of the heat transfer zone in its entirety. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997).

Plaintiff's theory of infringement under this doctrine would greatly increase the scope of the claim. The Supreme Court has cautioned that "it is important to ensure that the application of

1 the doctrine, even as to an individual element, is not allowed such broad play as to effectively
2 eliminate that element in its entirety." *Id.*

3 As noted by Defendant, Plaintiff's Doctrine of Equivalents argument is inconsistent with Plaintiff's position that the plain meaning of the claim language would govern the scope of the claim. A plain meaning interpretation of lower-portion of the heat transfer zone means that only the lower portion moves. If the Court were to adopt Plaintiff's argument and conclude that a bottom-drop access furnace was the same as a top-lift access furnace because there is "relative movement" of the heating elements in both furnaces, it would vitiate the bottom-drop access limitation that the Court concluded is required by Claim 1. The Doctrine of Equivalents is not a license to ignore claim limitations. *Dolly Inc. v. Spalding and Evenflo Cos., Inc.*, 16 F.3d 394 (Fed. Cir. 1994). Plaintiff's relative movement argument does exactly that. It changes the limitation of a bottom-drop access furnace to any furnace that lifts or/and lowers, rendering the bottom-drop only access limitation meaningless to Claim 1.

Because Plaintiff cannot establish that Defendant's product infringes the lowering jack element of Claim 1, summary judgment is proper and the Court need not address the issues surrounding the condenser element or the invalidity issues.

Finally, Plaintiff's request that this Court deny the motion on the grounds of Rule 56(d) is denied. No amount of discovery will change the fact that the relative movement argument vitiates an essential element of Plaintiff's claim.

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

Dated: September 14, 2011.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE